what inconsistent, was not incredible as a matter of law (*see, People v Jackson*, 161 AD2d 1154; *People v Christian*, 139 AD2d 896, *lv denied* 71 NY2d 1024), and her credibility was a matter for the jury to resolve (*see, People v Bleakley, supra*, at 495).

Defendant specifically requested Supreme Court to give a "no adverse inference" charge (*see*, CPL 300.10 [2]) and did not object to the charge as given. Thus, defendant failed to preserve for our review his contention that the court committed error in elaborating on the plain language of CPL 300.10 (2) (*see*, CPL 470.05 [2]; *People v Autry*, 75 NY2d 836, 838-839; *People v McColly*, 186 AD2d 1009, *lv denied* 81 NY2d 764). Although the court would have been better advised to confine its charge to the language of the statute, we conclude that the charge as given does not require reversal as a matter of discretion in the interest of justice.

Defendant further contends that misconduct by the prosecutor during his opening statement and summation deprived defendant of a fair trial. Defendant failed to object to any of the alleged instances of misconduct and thus has failed to preserve the issue for our review (*see*, CPL 470.05 [2]; *People v Pringle*, 226 AD2d 1072, *lv denied* 88 NY2d 940; *People v Klavoon*, 207 AD2d 979, 980, *lv denied* 84 NY2d 908). In any event, although some of the comments made by the prosecutor were improper, we conclude that they were not so egregious that they deprived defendant of a fair trial (*see, People v Hopkins*, 58 NY2d 1079, 1083; *People v Galloway*, 54 NY2d 396, 401; *People v Baris*, 161 AD2d 1144, *lv denied* 76 NY2d 852). (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Rape, 1st Degree.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.

■ Phillip Wraight, Respondent, v Exchange Insurance Company, Appellant, et al., Defendant. (Appeal No. 1.) [652 NYS2d 458] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.

■ Phillip Wraight, Respondent, v Exchange Insurance Company, Appellant, et al., Defendant. (Appeal No. 2.) [651 NYS2d 803] —Amended judgment unanimously affirmed without costs. Memorandum: In this action by plaintiff against defendant Exchange Insurance Company (Exchange) and another insurance carrier for a declaratory judgment, Exchange moved for summary judgment on the ground that its insured's delay